UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GRIFFIN,<br><br>   Petitioner,<br><br>v.<br><br>JEFF MACOMBER,<br><br>   Respondent. | Case No.: 3:25-cv-02756-RBM-VET<br><br>**ORDER:**<br><br>**(1) SUMMARILY DISMISSING SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION; AND**<br><br>**(2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

On October 6, 2025, Petitioner, who indicates he is a state parolee and proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Northern District of California challenging his 2019 judgment of conviction and sentence in San Diego County Superior Court case number SCD281192. (*See* Doc. 1 at 1.) After providing notice to Petitioner that he had not paid the filing fee nor requested to proceed in forma pauperis (*see* Doc. 2), on October 16, 2025, the case was transferred to this district. (Docs. 3–5.) For the reasons discussed below, the Court **DISMISSES** the Petition without prejudice and **DECLINES** to issue a certificate of appealability.

///

///

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.[1] The Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), Rules Governing Section 2254 Cases (2019).

## **PETITION BARRED BY GATEKEEPER PROVISION**

Upon review, the instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has filed in this district challenging this same 2019 judgment of conviction and sentence. On June 28, 2023, Petitioner filed in this district a Petition for a Writ of Habeas Corpus challenging his 2019 conviction and sentence in San Diego Superior Court case number SCD281192; Petitioner subsequently filed an Amended Petition and Second Amended Petition, with the latter serving as the operative Petition in that habeas action. (*See* Docs. 1, 4, 9 in S.D. Cal. Civil Case No. 23-cv-1205 LL-JLB.) On September 30, 2024, the assigned Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Petition be dismissed because Petitioner both failed to exhaust his state court judicial remedies as to his federal habeas claims and because the statute of limitations barred the Petition and recommended Petitioner's motion to expand the record be denied. (*See* Doc. 42 in S.D. Cal. Civil Case No. 23-cv-1205 LL-JLB.) On January 3, 2025, the Court adopted in its entirety the Magistrate Judge's R&R, dismissed the Petition with prejudice, denied as moot Petitioner's motion to expand the record, and declined to issue a certificate of appealability; the Clerk subsequently entered judgment in accordance with the Court's Order. (*See* Docs. 48–49 in S.D. Cal. Civil Case No. 23-cv-1205 LL-JLB.)

---

[1] The Court recognizes the Northern District previously informed Petitioner of the filing fee requirement and in a notice dated October 6, 2025, instructed that if he did not respond within 28 days, his case would be dismissed. (*See* Doc. 2.) To date, no response has been docketed. Regardless of that previously imposed deadline, the Court finds this case warrants dismissal for a reason independent of the filing fee requirement, as discussed below.

1    The Court takes judicial notice of these prior filings and orders.  *See United States v.*
2    *Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own
3    records in other cases, as well as the records of an inferior court in other cases.").

4         Petitioner presently seeks to challenge this same 2019 conviction and sentence in
5    San Diego Superior Court case number SCD281192.  (*See* Doc. 1 at 1.)  Petitioner
6    acknowledges this is not his first federal petition for a writ of habeas corpus challenging
7    this judgment of conviction and acknowledges he filed a prior federal petition challenging
8    this same conviction, which he indicates was "dismissed because the Supreme Court had
9    not had the chance to rule on my case." (*See* Doc. 1 at 3.)  Petitioner also generally states:
10   "I was told by the federal court to appeal to the Supreme Court then re-apply w/ the
11   evidence with[h]eld proving my innocence," but does not provide record support for this
12   assertion, such as citations to any such direction or instruction.  (*Id.*)

13        Moreover, as noted previously, the January 3, 2025 Order dismissed the prior federal
14   Petition *with prejudice*.  (*See* Doc. 48 in S.D. Cal. Civil Case No. 23-cv-1205 LL-JLB.)  In
15   that same Order, the Court specifically noted with respect to the dismissal with prejudice
16   that: "The Petition is barred by the statute of limitations, rendering amendment futile." (*Id.*
17   at 4 n. 2.)  The Ninth Circuit has held the "dismissal of a first habeas petition for
18   untimeliness presents a 'permanent and incurable' bar to federal review of the underlying
19   claims," and as such, "dismissal of a section 2254 habeas petition for failure to comply
20   with the statute of limitations renders subsequent petitions second or successive for
21   purposes of the [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')]."
22   *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2008) (footnote omitted) (citing *Murray*
23   *v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005) and 28 U.S.C. § 2244(b)).  Thus, the Court's
24   January 3, 2025 decision dismissing Petitioner's 2023 federal habeas petition with
25   prejudice, which was based in part on the grounds of untimeliness for failure to comply
26   with the statute of limitations, renders the instant Petition second or successive.

27        "Before a second or successive application permitted by this section is filed in the
28   district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that a petition is "second or successive" where the petitioner challenges "the same custody imposed by the same judgment of a state court" as in a prior petition). While Petitioner asserts he has an "[a]ctual innocence gateway claim" as to his strike prior (*see* Doc. 1 at 4), even were he able to demonstrate that the instant Petition falls within the statutory provisions allowing for permission to file a second or successive habeas petition, *see* 28 U.S.C. § 2244(b)(2)(A)–(B), Petitioner still first must obtain authorization from the Ninth Circuit to file a petition in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020) (per curiam) (recognizing that 28 U.S.C. § 2244(b)(3)(A) is "a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals"). Here, Petitioner does not indicate he has obtained permission from the Ninth Circuit to file a second or successive petition in the instant case (*see generally* Doc. 1), and the Court's review of the Ninth Circuit's electronic docket fails to reflect that Petitioner has sought, much less obtained, such permission from the Ninth Circuit. Accordingly, this Court lacks jurisdiction to consider the instant Petition.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal to the court of appeals "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," and is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A) and (c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, because Petitioner previously filed a petition challenging his 2019 judgment of conviction and sentence in case number SCD281192 which was dismissed with prejudice in relevant part as barred by the statute of limitations rendering the instant Petition second or successive, *see McNabb*, 576 F.3d at 1029, and there is no indication Petitioner has received permission from the Ninth Circuit Court of Appeals to file a second or successive petition, the Court is not persuaded that Petitioner has shown "jurists of reason would find it debatable whether the district court was correct" in dismissing the instant petition for lack of authorization. *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2253(c); *Burton*, 549 U.S. at 153; *Slack*, 529 U.S. at 484. Accordingly, the Court declines to issue a COA.

### CONCLUSION AND ORDER

Because there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a second or successive petition, this Court cannot consider the Petition, independent of Petitioner's additional failure to satisfy the filing fee requirement. Accordingly, the Court **DISMISSES** this habeas action without prejudice to Petitioner filing a petition in this Court if he obtains the necessary order from the Ninth Circuit Court of Appeals. The Court **DECLINES** to issue a COA.

The Clerk of Court is directed to send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: October 28, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE