UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GRIFFIN,<br><br>                              Petitioner,<br><br>v.<br><br>JEFF MACOMBER,<br><br>                              Respondent. | Case No.:  3:25-cv-2756-RBM-VET<br><br>**ORDER:**<br><br>**(1) CONSTRUING PETITIONER'S RESPONSE TO COURT'S ORDER;**<br><br>**(2) DENYING MOTION FOR RECONSIDERATION OR RELIEF;**<br><br>**(3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY; AND**<br><br>**(4) ENTERING FINAL JUDGMENT OF DISMISSAL WITHOUT PREJUDICE**<br><br>**[Doc. 8]** |

On October 6, 2025, Petitioner, a state parolee and proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Northern District of California challenging his 2019 judgment of conviction and sentence in San Diego County Superior Court case number SCD281192.  (*See* Doc. 1 at 1.)  After providing notice to

1

Petitioner that he had not paid the filing fee nor requested to proceed in forma pauperis (*see* Doc. 2), on October 16, 2025, the case was transferred to this district. (Docs. 3–5.) On October 28, 2025, the Court summarily dismissed the Petition without prejudice as second or successive pursuant to 28 U.S.C. § 2244(b)(3)(A) and declined to issue a certificate of appealability, finding: "Because there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a second or successive petition, this Court cannot consider the Petition, independent of Petitioner's additional failure to satisfy the filing fee requirement." (Doc. 6 at 5.) While the case was dismissed and subsequently closed, no judgment was entered. On November 10, 2025, Petitioner filed a Response to the Court's October 28, 2025 Order, which the Court will liberally construe as a motion for reconsideration or relief from the Court's October 28, 2025 dismissal order. (*See* Docs. 6, 8); *see Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction.") (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). For the reasons set forth below, Petitioner's Motion is **DENIED**.

## I.    DISCUSSION

Petitioner contends his habeas petition is not second or successive and asserts dismissal pursuant to 28 U.S.C § 2244 "would be improper." (Doc. 8 at 1.) However, Petitioner does not specify the basis under which he moves for reconsideration of the Court's October 28, 2025 Order. (*See generally* Doc. 8.)

A motion for reconsideration of a Court's final judgment or order may be based on Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). *See School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) ("A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment).") A motion for reconsideration filed within 28 days of the final order resulting in judgment should be construed as a motion under Rule 59(e), while motions filed more than 28 days after judgment should be construed as filed under Rule 60(b). *See Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016) ("The district court properly construed

2

[Petitioner's] post-judgment motion for reconsideration, filed within twenty-eight days of entry of judgment, as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).") (footnote omitted) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001)).  Additionally, the Local Rules of this District provide for applications for reconsideration in relevant part "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, . . ."  S.D. Cal. CivLR 7(i)(1).

Here, Petitioner's motion for reconsideration or relief is timely considered under both Federal Rule of Civil Procedure 59(e) and Local Rule 7(i) because it was submitted prior to entry of judgment and within 28 days of the order from which Petitioner seeks reconsideration or relief.  *See Rishor*, 822 F.3d at 489–90; *see also* S.D. Cal. CivLR 7(i)(2) ("Except as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered.")

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam) ("A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'") (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (additional citation and footnote omitted).  "District courts have 'considerable discretion' in deciding Rule 59(e) motions." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)).

Petitioner does not offer or allege any newly discovered evidence, nor does he contend there has been any intervening change in controlling law, but instead asserts the Court erred in finding his Petition second or successive because his prior petition was not adjudicated on the merits, and he therefore did not have a fair opportunity to litigate it. (*See generally* Doc. 8.)  Specifically, Petitioner contends his prior petition "was denied solely for non-exhaustion, caused by lack of legal access during state-imposed confinement in fire camp and deployment on wildfire assignments," and "[b]ecause no court has ever reviewed his claims on the merits, this current petition is not 'second or successive.'"  (*Id.* at 4); (*see also id.* at 2) (Petitioner asserting his "prior federal habeas petition was dismissed only because he had not yet presented his claims to the California Supreme Court-a procedural issue caused entirely by his lack of access during fire-camp placement-not on the merits."); (*see also id.* at 3 (Petitioner asserting his "prior federal petition was dismissed for non-exhaustion [and his] lack [of] legal access made exhaustion impossible.").)

However, as explained in the October 28, 2025 Order, Petitioner's prior federal petition was dismissed *both* for failure to exhaust state judicial remedies *and* because the petition was barred by the statute of limitations (*see* Doc. 6 at 2), and the Court further found the timeliness issue (rather than exhaustion) controlled the second and successiveness analysis, as follows:

> [A]s noted previously, the January 3, 2025 Order dismissed the prior federal Petition *with prejudice*. … In that same Order, the Court specifically noted with respect to the dismissal with prejudice that: 'The Petition is barred by the statute of limitations, rendering amendment futile.' … The Ninth Circuit has held the 'dismissal of a first habeas petition for untimeliness presents a permanent and incurable bar to federal review of the underlying claims,' and as such, 'dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')].' … Thus, the Court's January 3, 2025 decision dismissing Petitioner's 2023 federal habeas petition with prejudice, which was based in part on the grounds of untimeliness for failure to comply with the statute of limitations, renders the instant Petition second or successive.

3:25-cv-2756-RBM-VET

(Doc. 6 at 3 (citations omitted).)

In his motion, Petitioner does not appear to specifically acknowledge this aspect of the Court's October 28, 2025 Order, and instead repeatedly and incorrectly insists his prior federal petition was dismissed on the grounds of exhaustion alone.[1] (*See e.g.* Doc. 8 at 2–4.) Petitioner's motion for reconsideration or relief is premised on this incorrect characterization of the Court's ruling, and he fails to demonstrate any "clear error" by the Court or show that the Court's decision finding this Petition second or successive was "manifestly unjust." Fed. R. Civ. P. 59(e). Accordingly, relief is not warranted under Rule 59(e).

Nor does Petitioner demonstrate entitlement to reconsideration pursuant to Local Rule 7(i). Under that Local Rule, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." S.D. Cal. CivLR 7(i)(1). Petitioner has not articulated any such new or different facts pertinent to this Court's decision and instead simply disagrees with the Court's October 28, 2025 determination that this Petition is second and successive because the prior federal petition was dismissed in relevant part as barred by the statute of limitations.

---

[1] To the extent Petitioner attempts to relitigate the disposition of his *prior* federal petition by now asserting that his fire camp deployment constituted "extraordinary circumstances" that prevented him from earlier litigation and exhaustion and that he acted diligently in raising and exhausting his claims after returning from that deployment (*see* Doc. 8 at 2–3), any potential reconsideration of that prior disposition, which was issued in an entirely separate habeas action, is not the purview of this Court. In any event, in the prior habeas case, the assigned Magistrate Judge concluded in the Report and Recommendation ("R&R"), adopted without objections as follows: "Having presented neither an argument that extraordinary circumstances affected his filing nor a convincing presentation of diligence in pursuing his rights, Petition[er] has not established that he qualifies for equitable tolling." (S.D. Cal. Civil Case No. 23-cv-1205 LL-JLB, ECF 42 at 22 (R&R) and ECF 48 at 3 (adopting R&R).) Any such argument, directed at the disposition of Petitioner's prior federal habeas action and not the instant action, does not demonstrate error in *this* Court's October 28, 2025 decision as to *this* Petition.

3:25-cv-2756-RBM-VET

Finally, the Court again declines to issue a certificate of appealability for the same reasons previously stated in the October 28, 2025 Order. (*See* Doc. 6 at 4–5.) As the Court explained, "because Petitioner previously filed a petition challenging his 2019 judgment of conviction and sentence in case number SCD281192 which was dismissed with prejudice in relevant part as barred by the statute of limitations rendering the instant Petition second or successive, *see McNabb*, 576 F.3d at 1029, and there is no indication Petitioner has received permission from the Ninth Circuit Court of Appeals to file a second or successive petition, the Court is not persuaded that Petitioner has shown jurists of reason would find it debatable whether the district court was correct in dismissing the instant petition for lack of authorization." (*Id.* at 5 (citation modified)). The Court remains unpersuaded that Petitioner has shown "jurists of reason would find it debatable whether the district court was correct" in denying the instant motion for reconsideration or relief. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II.    CONCLUSION AND ORDER

For the reasons discussed above, the Court **CONSTRUES** Petitioner's Response as a motion for reconsideration or relief from the Court's October 28, 2025 dismissal order (Doc. 8) and **DENIES** Petitioner's motion for reconsideration or relief. The Court **DECLINES** to issue a certificate of appealability. The Clerk of Court is **DIRECTED** to enter a final judgment of dismissal without prejudice to Petitioner filing a petition in this Court if he obtains the necessary order from the Ninth Circuit Court of Appeals. The instant case will remain closed.

**IT IS SO ORDERED.**

Dated: April 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

6

3:25-cv-2756-RBM-VET